JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Five Below, Inc.

**DEFENDANTS**
10Below Ice Cream, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vincent V. Carissimi, Pepper Hamilton LLP
3000 Two Logan Square, 18th and Arch Streets, Philadelphia, PA 19103
215-981-4351

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**15 U.S.C. 1114**
Brief description of cause:
**Trademark Infringement**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: 12/05/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG JUDGE_____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1818 Market Street, Suite 1900, Philadelphia, PA 19103__

Address of Defendant: __10 Mott Street, Suite #1, New York, NY 10013__

Place of Accident, Incident or Transaction: __1818 Market Street, Philadelphia, PA 19103__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __Lanham Act__

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Vincent V. Carissimi__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __12/5/2017__    _____    __42227__
                       Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/5/2017__    _____    __42227__
                       Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Five Below, Inc. | : | CIVIL ACTION |
| v. | : | |
| 10Below Ice Cream, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| December 5, 2017 | [signature] | Five Below, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-981-4351 | 215-689-4625 | carissiv@pepperlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIVE BELOW, INC., | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | |
| 10BELOW ICE CREAM, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff, Five Below, Inc. ("Plaintiff" or "Five Below") by and through its undersigned counsel, files this complaint against Defendant 10Below Ice Cream, Inc. ("Defendant" or "10Below") and in support thereof avers as follows:

## JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331 as this matter arises under the laws of the United States.

2. This Court has personal jurisdiction over Defendant 10Below Ice Cream, Inc. as the cause of action relates to the Defendant's contacts with the forum.

3. Venue lies within this District upon the provisions of 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff Five Below, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1818 Market Street, Suite 1900, Philadelphia, PA 19103.

5. Upon information and belief, Defendant 10Below Ice Cream, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 10 Mott Street, Suite #1, New York, NY 10013.

## PLAINTIFF FIVE BELOW

6. Plaintiff Five Below operates an extensive national chain of retail stores under the mark "FIVE BELOW". Five Below stores have become well-known for offering high-quality, extreme value merchandise at affordable prices.

7. Five Below has used its FIVE BELOW trademark continuously in Pennsylvania and in interstate commerce since at least September 1, 2002.

8. Five Below is one of the fastest growing retailers in the United States and currently operates more than 600 stores throughout 32 states.

9. In 2015, Five Below opened up its largest location at 1529 Chestnut Street in Philadelphia. Five Below's flagship store on Chestnut Street comprises 13,000 square feet and prominently features the Five Below name/mark on the exterior façade.

10. The Five Below flagship store is located just a few blocks from Five Below's corporate headquarters, which are based in the building located at 1818 Market Street in Philadelphia.

11. At all of its retail stores, including the 1529 Chestnut Street location, Five Below offers a wide range of consumer products including candy, snack foods and ice cream themed products.

12. The 1529 Chestnut Street location also offers for sale frozen iced beverages.

## FIVE BELOW'S TRADEMARK APPLICATIONS AND REGISTRATIONS

13. Plaintiff Five Below is the owner of the following United States Federal Trademark Registrations:

   a. Registration No. 4,048,994: "FIVE BELOW" in connection with "retail store services featuring a wide variety of goods."

   b. Registration No. 2,813,080: Stylized "FIVE BELOW" in connection with "retail store services featuring a wide variety of consumer goods of others."

   c. Registration No. 3,650,837: "FIVE BELOW hot stuff. cool prices." in connection with "retail store services featuring a wide variety of consumer goods of others."

   d. Registration No. 4,691,708: "FIVE BELOW" in connection with "retail store services featuring a wide variety of consumer goods of others."

14. In addition to the aforementioned Registrations, Five Below has applications pending before the United States Trademark and Patent Office for the registration of additional trademarks. One of the pending applications is for the mark "FIVE & TEN BELOW" in connection with "retail and online store services featuring a wide variety of consumer goods of others, namely, fashion apparel and accessories, jewelry, bath and body products, beauty care, nonequestrian sports and fitness goods, toys, games, room décor, candy, snacks, beverages, school and art supplies, crafts, cards, party supplies, books, DVD's, media accessories, novelty items, and seasonal productions" (Application No. 86/104,300).

15. Another Five Below pending application is for the mark "TEN BELOW" in connection with "retail and online store services featuring a wide variety of consumer goods of others; namely, fashion apparel and accessories, jewelry, bath and body products, beauty care, nonequestrian sports and fitness goods, toys, games, room décor, candy, snacks, beverages,

school and art supplies, crafts, cards, party supplies, books, DVD's, media accessories, novelty items, and seasonal products" (Application No. 86/104,317).

16. Plaintiff's "FIVE & TEN BELOW" and "TEN BELOW" applications were both filed on October 29, 2013, which, as set forth below, is prior to Defendant's purported adoption of its name/mark.

17. Five Below uses its FIVE BELOW mark extensively in advertising and spends approximately $25 million to $30 million annually advertising the FIVE BELOW mark and the goods and services thereunder.

18. Five Below's net sales under its FIVE BELOW mark for fiscal year 2016 exceeded $1 billion.

## DEFENDANT 10BELOW

19. Upon information and belief, Defendant opened its first retail location in or about May of 2015 at its principal place of business on Mott Street in New York, New York.

20. Upon information and belief, Defendant now operates five locations, four of which are located within New York City.

21. In September of 2017, Defendant opened its first store outside of New York City at 42 S. 17th Street in Philadelphia, Pennsylvania.

22. Defendant's store at 42 S. 17th Street is in a location that is almost equidistant between Five Below's corporate headquarters (approximately 700 feet from Defendant's retail store) and flagship retail store (approximately 1,000 feet away).

23. On November 15, 2016, Defendant obtained Registration No. 5,081,529 from the United States Patent and Trademark Office for the mark "10Below Ice Cream."

24. Notably, Defendant's Trademark Registration was obtained only in connection with "ice cream" and not in connection with use in association with retail store services.

25. In addition, prior to granting the registration, the United States Patent and Trademark Office required Defendant to disclaim the words "ice cream" from the applied for mark. Thus, the only protectable rights it enjoys in its mark arise from the use of "10BELOW".

26. Upon information and belief, retail stores that sell ice cream routinely include retail store services within the description of goods and services for which their trademarks will be used.

27. By way of example, the trademark registrations for Baskin-Robbins ("retail ice cream store services"), Cold Stone Creamery ("restaurant and ice cream store services") and Dairy Queen ("restaurant services; retail soft serve ice milk confectionary store services; retail ice cream confectionary store services") all include the operation of a retail store within the recitation of goods and services for which the mark will be used.

28. Upon information and belief, Defendant did not apply for "retail store services" in its recitation of goods and services in its application in an effort to avoid the Examining Attorney denying the application as a result of similarity with Plaintiff's applications and registrations used in association with retail store services.

29. Upon information and belief, Defendant's goods can only be purchased at one of the five retail store locations operated by Defendant.

30. Defendant uses the "10Below" mark to identify its stores and not merely the goods (ice cream) offered for sale therein.

31. Defendant emphasizes the "10Below" portion of its mark by, for example, utilizing a significantly larger type face size for the "10Below" portion of the mark compared to the font size in which "ice cream" appears.

32. Upon entering their location, employees of 10Below greet patrons with the salutation "welcome to 10Below" without the ice cream portion of the mark.

33. In addition, Defendant's cup in which its products are provided to the customer have a graphical depiction of its mark wherein the "10Below" portion appears in significantly larger font and the "ice cream" portion of the mark is virtually imperceptible:



34. In addition, Defendant advertises and promotes its goods and services on social media, including, but not limited to Twitter, with the hashtag #10Below.

35. Finally, consumers typically refer to Defendant as simply "10 Below".

## DEFENDANT'S MARK IS LIKELY TO CAUSE CONFUSION

36. Upon information and belief, consumers and the public at large generally refer to Defendant as simply "10 Below" or "Ten Below". *See, e.g.,* https://philly.eater.com/2017/9/6/16262862/rolled-ice-cream-10-below-philadelphia; *see also* https://www.whitepages.com/business/NY/New%20York/ten-below-ice-cream/b-17bzjjw.

37. Upon information and belief, Defendant's use of the 10Below mark has caused, and if not enjoined is likely to continue to cause, actual confusion.

38. Defendant's 10Below mark uses a type font confusingly similar to the type font in which Plaintiff's Five Below mark is generally presented.

39. Moreover, because both the goods of both parties cost less than $10, consumers are unlikely to exercise a significant degree of care before purchasing, which further enhances the likelihood of confusion.

40. Upon information and belief, Defendant had full knowledge of Plaintiff's exclusive and well-established proprietary rights in and to the Five Below Trademarks, but continue to proceed in complete disregard of Plaintiff's rights.

41. Unless enjoined by this Court, Defendant will continue offering for sale, selling, distributing, and marketing goods and services branded under an infringing mark and name, causing Plaintiff irreparable injury and for which Plaintiff has no adequate remedy of law.

42. On August 14, 2017, prior to the opening of Defendant's Philadelphia location, Plaintiff sent Defendant a cease and desist letter wherein it objected to Defendant's use of the 10Below name and mark.

43. In addition, Plaintiff's August 14, 2017 letter noted that Defendant's use of a confusingly similar name and mark had already caused actual confusion and that Defendant's intended expansion into the Philadelphia region, in close proximity to Plaintiff's corporate headquarters and flagship store, would inevitably result in additional confusion going forward.

44. Nevertheless, Defendant refused to cease use of the infringing 10Below name and mark. Instead, it opened its store in Philadelphia on September 23, 2017 under the 10Below mark.

## COUNT I

### Infringement of Federally Registered Trademarks
### Under 15 U.S.C. § 1114 of the Lanham Act

45. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff owns the valid Federally-Registered Trademark rights to the Five Below mark in connection with retail store services featuring a wide variety of goods.

47. The name and mark 10Below has already created a likelihood of confusion and will further create a likelihood of confusion in the marketplace.

48. Defendant uses the 10Below mark in connection with retail store services similar to those offered under the Ten Below mark and in connection with goods that are similar to those sold by Plaintiff has caused, and will cause, a likelihood of confusion as to affiliation, association and sponsorship.

49. As a result of Defendant's adoption of a confusingly similar name and mark, actual confusion have already occurred and will continue to occur.

50. Plaintiff has and will suffer irreparable damage to its business and goodwill by reason of Defendant's adoption of a confusingly similar name and mark unless Defendant is restrained and enjoined therefrom, and Plaintiff is without an adequate remedy at law.

## COUNT II

### Statutory Dilution under Pennsylvania Law

51. Plaintiff incorporates by reference Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Plaintiff's first use of the Five Below mark occurred in September 2002. Defendant's first use of its name and mark was on July 17, 2015.

53. Plaintiff's Five Below mark was famous and distinctive in the Philadelphia area and the Commonwealth of Pennsylvania long prior to Defendant's first use of its name and mark.

54. Upon information and belief, the general public would view the 10 Below name and mark and recognize that Plaintiff is the source of the goods and services associated with the Five Below mark.

55. Defendant's use of a 10 Below name and mark is likely to cause dilution of Plaintiff's famous Five Below mark.

56. Defendant's dilution of Plaintiff's famous Five Below mark is knowing and willful.

57. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer irreparable harm.

## COUNT III

### Common Law Unfair Competition

58. Plaintiff incorporates by reference Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. By engaging in the above described conduct, including the unauthorized use of a name and mark confusingly similar to Plaintiff's Five Below Mark, Defendant has engaged in unfair competition.

60. Defendant's conduct is contrary to honest commercial practices.

61. Defendant's offering of goods and services under a name and mark that is likely to cause confusion with Plaintiff's Five Below mark injures Plaintiff's reputation.

WHEREFORE, Plaintiff Five Below, Inc. demands that:

A. Defendant 10Below Ice Cream, Inc., including all directors, officers, partners, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with it, be permanently enjoined from using the 10Below mark and name or any infringing or colorable imitation of the Ten Below Trademarks in connection with retail store services; and

B. Plaintiff be awarded such other and further injunctive relief as this Court may deem proper and just.

Respectfully submitted,

Vincent V. Carissimi
Noah S. Robbins
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel.: 215-981-4000
Email: carissiv@pepperlaw.com
       robbinsn@pepperlaw.com
*Attorneys for Plaintiff*
*Five Below, Inc.*

Dated: December 5, 2017